UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DYLAN W.,

                 Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

                 Defendant.

CASE NO. C18-5542

**ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE CASE**

Plaintiff seeks review of the denial of application for Supplemental Security Income and Disability Insurance Benefits. He contends the ALJ erred by assessing the medical evidence, assessing his own statements, and assessing the lay statements. Dkt. 15 at 2.[1] As discussed below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## **BACKGROUND**

Plaintiff is currently 37 years old, has a GED and has worked as a barista, restaurant busser, in-home caregiver, and retail sales clerk. Tr. 66, 372, 382. In June 2010, he applied for benefits, alleging disability as of October 1, 2008. Tr. 341-42, 345-51. His applications were

---

[1] Plaintiff also assigns error to the ALJ's residual functional capacity ("RFC") assessment and step-five findings, but in doing so reiterates arguments made elsewhere. Dkt. 15 at 17-18. Thus, these assignments of error need not be addressed separately.

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE - 1

denied initially and on reconsideration. Tr. 202-16, 222-40. The ALJ conducted a hearing on March 22, 2012 (Tr. 138-73), and subsequently found Plaintiff not disabled. Tr. 44-55.

The Appeals Council granted Plaintiff's request for review, and remanded the case for further administrative proceedings. Tr. 198-200. An ALJ held hearings on January 22, 2014 (95-137), and May 6, 2014 (Tr. 60-94), and subsequently found Plaintiff not disabled. Tr. 19-34.

The Appeals Council denied Plaintiff's request for review (Tr. 1-6), but the U.S. District Court for the Western District of Washington reversed the ALJ's decision and remanded for further proceedings. Tr. 764-77. The ALJ held another hearing on August 17, 2017 (Tr. 716-60), and subsequently found Plaintiff not disabled. Tr. 688-707. Plaintiff now seeks judicial review of the ALJ's decision.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[2] the ALJ found:

**Step one:** Plaintiff had not engaged in substantial gainful activity since October 1, 2008, the alleged onset date.

**Step two:** Plaintiff's schizoaffective disorder, post-traumatic stress disorder, bipolar disorder, major depressive disorder, anxiety disorder not otherwise specified, social phobia, delusional disorder, and history of polysubstance abuse are severe impairments.

**Step three:** These impairments did not meet or equal the requirements of a listed impairment.[3]

**RFC:** Plaintiff can perform a full range of work at all exertional levels, with these limitations: he is limited to simple, routine, and repetitive tasks consistent with unskilled work. He is limited to low-stress work, defined as work requiring few decisions/changes throughout the workday. He is limited to no public contact and only occasional contact with co-workers and supervisors. He must avoid concentrated exposure to hazards. He can perform work tasks at a standard or ordinary pace but not at a strict production rate pace in which the individual has no control over the speed of the work.

**Step four:** Plaintiff has no past relevant work.

---

[2] 20 C.F.R. §§ 404.1520, 416.920.

[3] 20 C.F.R. Part 404, Subpart P. Appendix 1.

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE - 2

**Step five:** As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, he is not disabled.

Tr. 688-707.

## DISCUSSION

**A. Medical evidence**

An ALJ's reasons to discount a contradicted medical opinion must be specific and legitimate. *See Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996). Plaintiff challenges the ALJ's assessment of certain medical evidence, and the Court will address each challenge in turn.

### 1. *Evidence predating the alleged disability onset*

Plaintiff notes that the record contains three psychological evaluation reports that pre-date his alleged onset date by two or three years. Dkt. 15 at 3. Plaintiff argues that the ALJ erred in failing to discuss these opinions, but he is mistaken. These opinions are not relevant to whether Plaintiff was disabled on or after his alleged onset date, particularly because Plaintiff was working for more than a year up until his alleged onset date. *See* Tr. 372; *Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008) ("Medical opinions that predate the alleged onset of disability are of limited relevance.").

### 2. *Terilee Wingate, Ph.D.*

Dr. Wingate examined Plaintiff five times during the adjudicated period, in 2010, 2011, 2012, 2013, and 2014, and completed a DSHS form opinion each time, documenting Plaintiff's symptoms and limitations. Tr. 8-14, 450-61, 563-70, 600-03, 665-73. The ALJ gave partial weight to Dr. Wingate's conclusions that Plaintiff had "mostly moderate to marked functional limitations in several areas of social/occupational functioning[.]" Tr. 700. The ALJ indicated that his RFC assessment accommodated many of the limitations indicated by Dr. Wingate, in

terms of limiting social interaction, excluding detailed/complex tasks, and requiring low-stress work environments. Tr. 700-01. The ALJ found other marked limitations described by Dr. Wingate to be inconsistent with other medical evidence, as well as inconsistent with Plaintiff's history of discontinuing medication against medical advice and failing to engage in any regular treatment. Tr. 701.

Plaintiff argues that the ALJ erred in discounting Dr. Wingate's opinions because the ALJ did not identify any specific evidence that contradicts Dr. Wingate's conclusions, and because his failure to continue with medications and treatment does not contradict Dr. Wingate's conclusions. Dkt. 15 at 6.

Plaintiff is mistaken on both counts. The ALJ's decision as a whole does identify evidence that contradicts Dr. Wingate's conclusions, namely the reports of examining providers James Parker, M.D., and Christopher Meagher, Ph.D., as well as the hearing testimony of psychological expert Kenneth Asher, Ph.D. Tr. 701-03 (ALJ's discussion of these opinions). Furthermore, Plaintiff's lack of treatment during the adjudicated period indeed undermines Dr. Wingate's conclusions, because his failure to seek medical help without a persuasive explanation suggests that Dr. Wingate's opinion does not describe the most Plaintiff can do. *See, e.g.*, *Hayatgheyb v. Callahan*, 1997 WL 409567, at *1 (9th Cir. Jul. 17, 1997) (describing "the absence of regular medical treatment during the alleged period of disability" as a specific, legitimate reason to disregard a treating doctor's opinion (citing *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1464 (9th Cir. 1995) ("[T]he ALJ was entitled to draw an inference from the general lack of medical care for back problems during the intervening years between the two surgeries"))). Because the ALJ provided a specific, legitimate reason to discount Dr. Wingate's opinions, the ALJ's assessment of those opinions is affirmed.

3.  *T. Lincoln Truschel, M.D.*

Dr. Truschel examined Plaintiff in December 2010 and wrote a narrative report describing Plaintiff's symptoms and limitations. Tr. 536-38. The ALJ summarized Dr. Truschel's conclusions and noted that although he did not describe Plaintiff's abilities on a function-by-function basis, his diagnoses were consistent with the overall record and the ALJ accommodated in the RFC assessment most of the symptoms described. Tr. 702. To the extent that Dr. Truschel described debilitating symptoms, the ALJ found Dr. Truschel's conclusions to be inconsistent with Plaintiff's failure to continue taking medications or pursue other consistent treatment. Tr. 702-03.

Plaintiff argues that the ALJ erred in failing to acknowledge that Dr. Truschel's findings and opinion are consistent with Dr. Wingate's findings and opinions. Dkt. 15 at 7. But, as explained *supra*, the ALJ properly discounted Dr. Wingate's findings and opinions, and thus any similarity with Dr. Truschel's opinion would not suggest error in the ALJ's decision. Plaintiff has not met his burden to identify error in the ALJ's assessment of Dr. Truschel's opinion.

4.  *Christopher Meagher, Ph.D.*

Dr. Meagher examined Plaintiff in December 2013 and wrote a narrative report and completed a checkbox form describing Plaintiff's symptoms and limitations. Tr. 613-21. The ALJ noted that Dr. Meagher's checkbox form listed only one marked limitation, in interacting with the public. Tr. 701 (citing Tr. 620). The ALJ found this assessment to be consistent with the record and the RFC assessment. Tr. 701.

The ALJ also noted that Dr. Meagher found in his narrative report that Plaintiff "'would probably' not be capable of functioning in full time competitive employment setting 'especially anything that involved much of any social interaction' due to symptoms of severe social anxiety

and panic episodes with a pattern of 'generally avoidant coping.'" Tr. 701 (quoting Tr. 616). The ALJ found this part of Dr. Meagher's conclusions to be inconsistent with the medical record documenting a very minimal treatment history, and inconsistent with the mostly mild/moderate limitations Dr. Meagher indicated in the checkbox form. Tr. 701-02. Lastly, the ALJ described the sentence quoted above from Dr. Meagher's report as "somewhat vague and unclear" because the degree of social interaction that would "probably" preclude Plaintiff's ability to work is not specified. Tr. 702. The ALJ found that his RFC assessment restricted Plaintiff's social interaction, and thus is arguably consistent with this portion of Dr. Meagher's report. *Id.*

Plaintiff argues that "[n]one of these reasons are specific and legitimate[,]" but provides no analysis beyond this assertion. Dkt. 15 at 8. Plaintiff's assertion is not well founded. As discussed above, with respect to other opinions, Plaintiff's lack of treatment and discontinuation of medication undermines Dr. Meagher's conclusions regarding the severity of Plaintiff's symptoms. Furthermore, Plaintiff has failed to show that the ALJ's reading of Dr. Meagher's opinion is unreasonable, and therefore the ALJ's interpretation is affirmed. *See Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982) ("Where evidence is susceptible of more than one rational interpretation, it is the ALJ's conclusion which must be upheld. In reaching his findings, the law judge is entitled to draw inferences logically flowing from the evidence.").

      5.      *Shawn Kenderdine, Ph.D.*

Dr. Kenderdine examined Plaintiff in August 2016 and completed a DSHS form opinion describing his symptoms and limitations. Tr. 1064-69. The ALJ summarized Dr. Kenderdine's conclusions and found that most of them were consistent with the record and therefore accommodated in the RFC assessment. Tr. 702. The ALJ found that Dr. Kenderdine's opinion that Plaintiff had marked limitation in his ability to maintain attendance and maintain appropriate

behavior was not consistent with Plaintiff's lack of treatment and discontinuing medication, was inconsistent with the medical expert testimony, and was inconsistent with Dr. Kenderdine's own notes indicating that Plaintiff described his anxiety as "less urgent" and that Plaintiff can manage his own activities of daily living. *Id.*

Plaintiff contends generally that none of the ALJ's reasons for partially discounting Dr. Kenderdine's opinion is legitimate, without addressing the ALJ's specific rationale. Dkt. 15 at 9. But as discussed above, Plaintiff's lack of treatment and discontinuation of medication undermines Dr. Kenderdine's conclusions regarding the severity of Plaintiff's symptoms. Plaintiff's ability to manage his daily activities is also arguably inconsistent with Dr. Kenderdine's opinion that Plaintiff has a marked deficit in his ability to maintain attendance. Lastly, even if the medical expert did not question the validity or accuracy of Dr. Kenderdine's opinion (Dkt. 15 at 9), the medical expert did describe less severe restrictions than indicated by Dr. Kenderdine. Tr. 721-43. Plaintiff has not met his burden to show that any of the ALJ's reasons for discounting Dr. Kenderdine's opinion was erroneous.

      6.     *Loreli Thompson, Ph.D.*

Dr. Thompson examined Plaintiff in November 2017 and wrote a narrative report and completed a checkbox opinion describing his symptoms and limitations. Tr. 1088-99. The ALJ summarized Dr. Thompson's conclusions and explained that he gave it partial weight because much of it was consistent with the medical record. Tr. 704. The ALJ rejected Dr. Thompson's opinion that Plaintiff was markedly limited in his ability to respond appropriately to usual work situations, finding it not supported by the medical record or other opinions. Tr. 704-05. The ALJ also noted that Dr. Thompson did not opine that any of Plaintiff's limitations would preclude all work activity. Tr. 705.

Plaintiff argues that the ALJ applied the incorrect legal standard to his review of Dr. Thompson's opinion, but does not further explain this argument. Dkt. 15 at 9-10. He also argues that the ALJ erred in rejecting Dr. Thompson's opinion because she did not opine that Plaintiff's limitations were work-preclusive. Dkt. 15 at 10.

Plaintiff has failed to show error in the ALJ's decision. Inconsistency with the record is a legitimate reason to discount an opinion. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (inconsistency with the record properly considered by ALJ in rejection of physician's opinions). Also, the ALJ did not discount Dr. Thompson's opinion because she did not find Plaintiff's limitations to be work-preclusive; the ALJ noted the extent of Dr. Thompson's opinion to highlight that her opinion is not necessarily inconsistent with his own RFC assessment. Plaintiff has not met his burden to show error in the ALJ's decision.

7. *Testifying medical experts*

Medical experts testified at hearings in 2014 and 2017. Tr. 106-35, 721-43. The ALJ summarized both experts' testimony and found that Plaintiff was more limited than either of them described, although their testimony was generally consistent with the record. Tr. 703-04.

In his opening brief, Plaintiff argues that the 2017 expert testimony "fully undermines the ALJ's reasons for rejecting Dr. Wingate's opinions[,]" but does not explain how or why this is so. Dkt. 15 at 10. This bare assertion does not satisfy Plaintiff's burden to show error in the ALJ's decision. Other arguments raised for the first time on reply (Dkt. 24 at 5) will not be considered. *See Zango, Inc. v. Kaspersky Lab, Inc.*, 568 F.3d 1169, 1177 n.8 (9th Cir. 2009) ("[A]rguments not raised by a party in an opening brief are waived.") (citing *Eberle v. Anaheim*, 901 F.2d 814, 818 (9th Cir. 1990)).

### 8. *Miscellaneous medical findings*

Plaintiff summarizes various medical findings and argues that the ALJ erred in failing to discuss them or acknowledge that they corroborate discounted medical opinions as well as Plaintiff's testimony. Dkt. 15 at 10-13. Plaintiff does not show that these findings constitute significant, probative evidence, such that the ALJ was required to explain why he rejected them. *See Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) (ALJ "not required to discuss evidence that is neither significant nor probative"). Accordingly, Plaintiff's summary of this evidence fails to identify a harmful error in the ALJ's decision.

## B. Plaintiff's subjective testimony

The ALJ discounted Plaintiff's subjective allegations because he had only limited and inconsistent treatment history, which suggests his symptoms were not as severe as alleged or he would have been more motivated to seek treatment. Tr. 695-96. The ALJ also noted that even though many examiners indicated that Plaintiff had significant symptoms, these symptoms were not necessarily work-preclusive. Tr. 696-97. The ALJ went on to find that Plaintiff's daily activities demonstrate that he can, contrary to his report, spend time in public, concentrate, and complete some tasks. Tr. 700. Plaintiff argues that the ALJ's reasons for discounting his testimony are not clear and convincing, as required in the Ninth Circuit. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

First, Plaintiff argues that because the ALJ erred in assessing the medical evidence, this error infected the ALJ's assessment of his testimony as well. Dkt. 15 at 13. This argument is rejected because, as explained *supra*, Plaintiff has not identified an error in the ALJ's assessment of the medical evidence.

Next, Plaintiff argues that the ALJ erred in holding his lack of treatment against him, suggesting that his lack of treatment was caused by his mental impairments. Dkt. 15 at 14. The ALJ discussed Plaintiff's explanation for his lack of treatment and explained why he found it not persuasive. Tr. 695-96, 698. There is no evidence in the record indicating that, as Plaintiff suggests, his lack of treatment is the result of his mental impairments; instead, it reasonably appears to be a personal preference. Tr. 695 ("The record establishes that the claimant has never pursued any regular or consistent mental health treatment/therapy, and he has not provided a persuasive explanation for his failure to do so. At the hearing, the claimant essentially stated that he just could not bring himself to do it."). The ALJ reasonably found that explanation unpersuasive. *See Molina v. Astrue*, 674 F.3d 1104, 1113-14 (9th Cir. 2012).

Plaintiff disputes the ALJ's finding that the opinion evidence would not necessarily support a finding of disability: he argues that they could in fact support such a finding. Dkt. 15 at 15. That may be true, but as discussed *supra*, Plaintiff has not shown that the ALJ erred in interpreting the opinion evidence, and therefore the ALJ's assessment of the opinion evidence is not disturbed.

Lastly, Plaintiff argues that the ALJ erred in citing his activities because those activities are not inconsistent with his testimony and do not demonstrate the existence of transferable work skills. Dkt. 15 at 15-16. Plaintiff does not address the ALJ's findings regarding the inconsistency between Plaintiff's activities and his allegations of an inability to spend time in public, concentrate, or complete tasks. Tr. 700. Thus, Plaintiff's overbroad challenge fails to grapple with the ALJ's stated reasoning or demonstrate error therein.

Because Plaintiff has not shown that the ALJ erred in discounting his testimony, the ALJ's assessment of Plaintiff's testimony is affirmed.

**C.     Lay statements**

Plaintiff's family members wrote statements describing his symptoms. Tr. 428-39. The ALJ considered them, but found them to be inconsistent with the medical record as a whole. Tr. 705. Plaintiff argues that this reason is not germane, as is required in the Ninth Circuit. *See Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993) ("If the ALJ wishes to discount the testimony of the lay witnesses, he must give reasons that are germane to each witness.").

Even if the ALJ's reasoning is not specific enough to be germane with respect to Plaintiff's family members, any error is harmless because the family members described similar symptoms and limitations that Plaintiff alleged, and, as discussed *supra*, the ALJ did not err in discounting those allegations. Thus, the ALJ's reasoning with respect to Plaintiff's testimony applies with equal force to the lay statements. *See Valentine v. Comm'r of Social Sec. Admin.*, 574 F.3d 685, 693-94 (9th Cir. 2009) ("In light of our conclusion that the ALJ provided clear and convincing reasons for rejecting Valentine's own subjective complaints, and because Ms. Valentine's testimony was similar to such complaints, it follows that the ALJ also gave germane reasons for rejecting her testimony."). Although in his reply brief Plaintiff contends that the lay statements do not merely echo Plaintiff's allegations (Dkt. 24 at 9), he does not identify any differences between the statements and thus has failed to distinguish this case from *Valentine*.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

/

/

/

DATED this 15th day of May, 2019.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE CASE - 12